IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION

FILED

January 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9611-CR-00429 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. ARTHUR T. BENNETT, |
| RANDY C. FIVEASH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Alternative Sentencing) |

FOR THE APPELLANT:

GERALD D. SKAHAN
140 North Third Street
Memphis, TN 38103-2007

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DEBORAH A. TULLIS
Assistant Attorney General
Cordell Hull Building - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

THOMAS D. HENDERSON
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

JOE G. RILEY,
JUDGE

## O R D E R

The appellant, Randy C. Fiveash, entered a plea of guilty to the offense of driving in violation of the Habitual Motor Vehicle Offenders (HMVO) Act, a Class E felony. He received a sentence of one (1) year as a Standard Offender with the issue of alternative sentencing reserved for judicial determination. The sole issue presented in this appeal is whether the trial court erred in denying community corrections. We AFFIRM the sentence of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

On July 20, 1995, appellant drove in violation of the HMVO Act. He pled guilty to this offense and asked for alternative sentencing in the form of placement in the community corrections program. Appellant claimed that he drove that day because his wife was sick and was unable to take him to work. He admitted he was an alcoholic, but that he had begun attending Alcoholics Anonymous and had stopped drinking. He admitted using marijuana four (4) days prior to his interview with the community corrections officer who prepared the pre-sentence evaluation.

The pre-sentence evaluation reveals that the appellant had numerous prior convictions during the period of 1986 through 1994, including four (4) D.U.I. convictions, five (5) reckless driving convictions, and five (5) convictions for driving while license suspended, canceled, or revoked (DWLSCR). In addition, he had a prior probation violation as well as other misdemeanor convictions. After the last DWLSCR conviction, appellant was declared an HMVO on January 25, 1994.

Although appellant is entitled to a presumption of alternative sentencing, his prior record supports the trial court's decision that he was not an appropriate candidate. The trial court called appellant's driving record "horrendous" and noted that he could have killed himself or others. The court based its decision in part upon appellant's previous violation of probation and his smoking marijuana while

2

disposition of the instant offense was pending.  The court also found that to grant community corrections in spite of all these factors would depreciate the seriousness of the offense.

After thoroughly reviewing the record, the briefs, and the law governing the issue presented by the defendant, we conclude that the trial court did not err by denying alternative sentencing.  Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we  AFFIRM  the sentence of the trial court.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**GARY R. WADE, JUDGE**


_____
**DAVID G. HAYES, JUDGE**